ABBEVILLE ELECTRIC LIGHT AND POWER CO. v. WESTERN ELECTRICAL SUPPLY CO.

Res Judicata—Demurrer—Jurisdiction.—When an objection to the jurisdiction of the Court has been made on motion to set aside service of summons based on alleged illegal service and overruled, no second objection based thereon, however variant may be the specifications taken the first and second times, can be made on demurrer to jurisdiction on trial.

Before Townsend, J., Abbeville, October, 1901.    Affirmed.

Action by Abbeville Electric Light and Power Co. against Western Electrical Supply Co.    From judgment for plaintiff, defendant appeals.

*Mr. Frank B. Gary,* for appellant, cites: *As to the service of the summons:* 106 U. S., 356; 49 U. S., 552; *State* v. *Napier,* 63 S. C.

*Mr. Wm. N. Graydon,* contra, cites: *Question of jurisdiction is res judicata:* 51 S. C., 33; 38 S. C., 216; 1 Hill Ch., 22.    *As to service of summons:* 61 S. C., 361; 106 U. S., 350; *Blake* v. *Clung,* 172 U. S.

The opinion of the Court was filed July 11, 1902, but remittitur is still held up on appeal to United States Supreme Court.

The opinion of the Court was delivered by

MR. LEROY F. YOUMANS, acting Associate Justice, in place of MR. CHIEF JUSTICE McIVER, indisposed.

For a proper understanding of the questions involved in this appeal, a statement somewhat minute of the proceedings is necessary. The action was commenced by service of summons and complaint upon one George F. Schminke, under the claim of plaintiff that Schminke was an agent of defendant, a corporation duly chartered under the laws of the State of Missouri. In the complaint it is alleged that the cause of action set forth arose in the State of South Carolina, and the other allegations set forth as the cause of action, the breach of a contract whereby defendant guaranteed that a certain electric machine for the purpose of generating electricity, known as a 45 K W Warren alternator, sold by defendant to plaintiff, in December, 1899, was free from any and all inherent electrical or mechanical defects. The complaint alleges also that the defendant promised time and again to remedy the defect in said machine or furnish a new one, but failed to do so. Before the time for answering expired, the following notice was served on plaintiff's attorney:

"To Wm. N. Graydon, Esq., plaintiff's attorney: Please take notice that the undersigned hereby enters a special appearance for the above named defendant, and upon the call of this case will move the presiding Judge to set aside the service of the summons herein on the ground that the party served with the summons and complaint herein on the 7th day of November, 1900, was not an agent of the defendant. Defendant will appear for the purpose of objecting to the jurisdiction of this Court and for no other purpose. Frank B. Gary, defendant's attorney. November 26, 1900."

The defendant placed the case upon the docket of the Court, and the motion was heard before Judge Benet at the February term, 1901, of the Court of Common Pleas for Abbeville County. The defendant offered the following

affidavit in support of its motion, viz: "Now comes the Western Electrical Supply Company, defendant herein, and states that George F. Schminke, the person upon whom service of summons was had herein, at the time of said service was not an officer of this defendant nor a director thereof; that he was simply and solely the traveling salesman for this defendant; that his duties and powers with this defendant were simply and solely to take orders for the sale of merchandise, subject to the approval of this defendant in such States as he might be directed by this defendant from time to time. That he had no other powers or duties than these. That he was a resident of the city of New Orleans, State of Louisiana. That this defendant has no office or place of business in the State of South Carolina. That said George F. Schminke was especially sent to the town of Abbeville at the time of said service to examine into the running of the machinery in controversy and report the facts to defendant, and that he was so sent at the request of plaintiff. That the contract between plaintiff and defendant out of which the alleged cause of action arose, if plaintiff has any cause of action, was not made in the State of South Carolina. Western Electrical Supply Co., per R. V. Scudder, Genl. Manager." (Sworn to.)

The plaintiff offered the following affidavit and card and letters in rebuttal, viz: "Personally appeared before me, W. N. Thompson, who, being duly sworn, says: That he is the president of the above named plaintiff. That the letters hereto attached were received from the defendant in due course of mail, and letters, copies of which are hereto attached, sent defendant. That the card hereto attached was handed deponent by Mr. George F. Schminke, when he came to Abbeville, representing the defendant in negotiations looking to the settlement of the differences between the plaintiff and the defendant, which resulted in the suit now pending in this Court. W. N. Thompson." (Sworn to.)

The following is the card referred to in the above affida-

vit: "George F. Schminke, Western Electrical Supply Company. Electrical Supplies, St. Louis."

The following are the letters and copies of letters in their regular order referred to and attached to the affidavit of W. N. Thompson, viz: "St. Louis, October 23d, 1900. Abbeville Electric Light and Power Co., Abbeville, S. C. Gentlemen: Referring to your favor of October 6th, which has been held for the writer's return to the city, we note fully what you have to say, and as there is such a marked difference between your report and the factory's report, and as we are put into the position of middleman, as a sort of humper, between you and the factory, you can readily appreciate our position, and we will defer writing you at any great length excepting to say that if your position is correct, you shall certainly be treated right. We have written our Mr. George F. Schminke, who will be in Abbeville now in about ten days, and we will get a full report from him, and we have also written the factory fully regarding the matter and enclosed them a copy of your letter, and we are satisfied that it will be news to them, and we will advise you as soon as we hear from them, and we have requested them to write us by return mail fully regarding the matter, and we assure you that if your position is correct in this matter and the machine is defective, that we will replace it with a machine that will perform in accordance with the contract. We trust you will bear with us until we can get a full and definite report from the factory and a reply to our letter to them to-day enclosing a copy of your letter under answer. (Signed by the defendant.)"

The following is the letter of plaintiff in reply to the above: "Abbeville, S. C., October 27th, 1900. Gentlemen: In reply to your favor of the 23d inst., we note what you say, and would say that we are taking steps to buy a new machine at once, for we cannot afford to be delayed any longer in this matter. Now, in consideration of what you say in your last about sending your Mr. Schminke to Abbeville by the 3d proximo, we will defer buying the machine

above referred to until the 5th proximo, provided you write
us at once that your authorized representative will be in Ab-
beville by the above date, with power to act so that we may
be assured of a speedy settlement. (Signed by the plain-
tiff.)"

The following letter in reply to the letter of plaintiff
follows: "St. Louis, October 29, 1900. Abbeville El. Lt.
and Power Co., Abbeville, S. C. Gentlemen: Your favor of
the 27th inst. to hand, and this is simply to acknowledge
receipt of your letter and to let you know that we are follow-
ing up the matter. Before answering your letter, we are
waiting to have a reply to a telegram we have sent to our
Mr. Geo. F. Schminke to-day, asking him to wire us when
he would arrive in Abbeville, and also asking him to advise
us by wire where a letter would reach him, as we want to
write him fully regarding the situation at Abbeville, and
upon receipt of his reply advising us when he will be able to
reach Abbeville, we will answer your letter fully. We have
no doubt, however, that he will be able to get into Abbeville
not later than November 5th, and we think it will be very
foolish of you to replace the Warren machine with a machine
of another make, if you intend trying to operate the other
machine under the same conditions as the Warren, and we
are very sure that if you will improve the conditions under
which you are trying to operate this Warren machine and
have your Warren machine fixed up, that you will have no
trouble with it. We are very sure that under the conditions
you are trying to operate, you cannot get any machine to
give you satisfaction, and we doubt if any machine would
have stood the racket as long as the Warren machine has.
Mr. Schminke is a very competent man and capable of pass-
ing on a thing of this kind, and can advise you in a very few
moments whether or not the conditions under which you are
operating are unfavorable, and we trust that you will defer
action on this matter until you give us an opportunity to look
over the ground for ourselves, which we will do when our
Mr. Schminke arrives in Abbeville. We will defer writing

further until hearing from Mr. Schminke, and will notify
you as soon as we have his telegram.    (Signed by the de-
fendant.)"

The next letter is dated St. Louis, October 30th, 1900,
addressed to plaintiff, and is as follows: "Gentlemen: Re-
ferring to your favor of October 4th, in which you enclosed
your bill of October 1st, against us amounting to $32.60, we
return you herewith the invoice, and will thank you to kindly
hold this with the balance of the papers until final adjustment
is made of the account in accordance with the agreement,
and when final adjustment is made of the account, if you are
entitled to credit for those items, you shall certainly receive
them, but we would prefer not dividing the thing up and
making an entry now and another entry at the final adjust-
ment, but will simply make one bite of the cherry.    Please
attach this letter and your bill to the other papers pertaining
to this settlement and keep all of the papers together so that
we can have them at the proper time.    This letter was in a
basket on the writer's desk during his absence in the east,
and in cleaning up the basket to-day he found the letter, and
he thinks this will be the best way to dispose of the matter
temporarily.    We have not yet received a telegram from our
Mr. Schminke in reply to ours of yesterday, asking him
when he would reach Abbeville, but we have received a letter
which indicates that he will be in Asheville, N. C., to-mor-
row, at which time we expect to receive an answer to our
telegram, and we will then notify you just when you can
expect Mr. Schminke in Abbeville.    (Signed by the defend-
ant.)    Postscript: We are sending Mr. Schminke some let-
ters in your care which we will thank you to kindly deliver to
him when he reaches Abbeville."

The next letter is dated St. Louis, November 1, 1900,
addressed to the plaintiff, and is as follows: "Gentlemen:
Our Mr. G. F. Schminke will be in Abbeville on the 5th inst.,
and we are writing him fully to-day regarding the situation
there.    (Signed by the defendant.)"

After argument of counsel for and against the motion, his

Honor, Judge Benet, signed the following order: "This case came before me on a motion to set aside the service of summons.  The defendant is a corporation under the laws of the State of Missouri, and enters a special appearance through its attorney, for the purpose of setting aside the service of summons and of objecting to the jurisdiction of this Court. Affidavits were presented by both plaintiff and defendant as to the capacity in which Geo. F. Schminke, the person on whom the service was made, was acting.  After argument of counsel on both sides, I hold that defendant, non-resident corporation, could not be brought within the jurisdiction of this Court by service of the summons upon the said George F. Schminke, he not being, in my opinion, an agent in the sense in which 'any agent' is used in the Code.  It is, therefore, on motion of Frank B. Gary, defendant's attorney, ordered, that the service of the said summons upon the said defendant, in the manner ·above related, be and the same is set aside.  It is further ordered, that the case be dismissed on the ground that this Court has not acquired jurisdiction of the person or property of the defendant."  Within ten days after the rising of the Court, the plaintiff duly served notice of its intention to appeal, and within thirty days served "Case" and exceptions.  The exceptions are as follows:

"1. Because his Honor erred in holding that George F. Schminke was not an agent, in the sense in which 'any agent' is used in the Code.

"2. Because his Honor erred in limiting the scope of the word 'any agent,' as used in subdivision 1 of section 155 of the Code of Civil Procedure, as amended by the act of 1899, page 42.

"3. Because the Code, in describing how service shall be made upon a foreign corporation, having named the president, cashier, treasurer, attorney or secretary, and then saying 'or any agent thereof,' plainly meant to include every class of agents, and it was error in his Honor to hold otherwise.

"4. Because it plainly appears from the affidavit of the defendant and from the letters written by them, that Geo. F. Schminke was the direct representative of the defendant in the very matter out of which the suit arose, and it was error in his Honor to hold that he was not an agent, in the sense in which the words 'any agent' is used in the Code.

"5. Because his Honor erred in setting aside the service of the summons herein, the same having been duly and legally made upon an agent of the defendant within this State.

"6. Because his Honor erred in ordering that the case be dismissed, no notice of any such motion having been given, the only notice being that a motion would be made to set aside the service of the summons.

"7. Because his Honor erred in holding that the defendant could not be brought within the jurisdiction of the Circuit Court by the service of the summons upon George F. Schminke, he being, as shown by defendant's own affidavit, an agent of the defendant."

That appeal was heard by this Court, and its judgment rendered and filed August 5th, 1901, "That the order of the Circuit Judge, setting aside the service of the summons in this case and dismissing the case for want of jurisdiction, be reversed, and that the case be remanded to the Circuit Court for Abbeville County for such further proceedings as may be necessary, with leave to the defendant to serve its answer within twenty days after written notice to the counsel who represented the defendant at the hearing of the motion to set aside the service of the summons of the filing of the *remittitur* in this case in the Circuit Court for Abbeville County." The opinion of the Court was delivered by Mr. Chief Justice McIver, 61 S. C., 361. It is *inter alia* decided that the letters of the defendant used at the hearing of the motion below fully show that Schminke, when sérved with the summons in this State, was here as the representative of the defendant in the very transaction out of which the controversy arose; that the service upon him in any view that may be taken of the case was a good and valid service upon

defendant, and would be held so to be by the Supreme Court of the United States, under their decisions, even apart from the South Carolina Code of Procedure. Within the time within which the Supreme Court permitted the defendant to answer the complaint, the defendant served upon the plaintiff's attorney the following notice of special appearance and the following affidavit: "To Wm. N. Graydon, Esq., Plaintiff's Attorney. Please take notice that the defendant herein declines to answer the complaint herein, in accordance with the allowance of the Supreme Court, as it is advised that by answering it would submit itself to the jurisdiction of the Court. Nevertheless, the defendant enters a special appearance for the purpose of objecting to the jurisdiction of this Court, with the ultimate view of appealing to the Supreme Court of the United States from the final judgment in the case, should the same be adverse to the defendant. Upon the call of the case, the defendant will object to the judgment on the ground that the summons has not been served upon the defendant in this State, and this Court has not, therefore, acquired jurisdiction of the person or property of the defendant. The defendant will move the Court to set aside the attempted service of the summons on the defendant, on the ground that subdivision 1 of section 155 of the Code, providing for service on a foreign corporation, and the act of the General Assembly of South Carolina, amending the said section of the Code by striking out the word 'resident,' approved the 2d of March, 1899, are in contravention of the fifth and fourteenth amendments to the Constitution of the United States; and on the further ground that the act of the General Assembly of South Carolina, entitled 'an act to further prescribe the terms and conditions upon which foreign corporations may do business within this State,' approved the 2d day of March, A. D. 1897, is in contravention of the fifth and fourteenth amendments to the Constitution of the United States. The affidavits upon which this motion will be made will be duly served upon you hereafter. The defendant will appear for the foregoing purposes and for

no other. Frank B. Gary, defendant's attorney. September 10, 1901."

In due time the following notice and affidavits were served upon the plaintiff's attorney: "To Wm. N. Graydon, Esq., Plaintiff's Attorney: Please take notice that the motion of which you were heretofore given notice will be made upon the accompanying affidavits and the papers in the case. Frank B. Gary, defendant's attorney. September 16, 1901."

"Now comes the Western Electrical Supply Co., defendant herein, and states that it is not now, and never has been, engaged in business in the State of South Carolina, and that it has not now nor has it ever had an office or place of business in said State. That the contract between plaintiff and defendant, which is pleaded in plaintiff's petition, was not made in the State of South Carolina. That said contract by its terms was to be performed by defendant in the town of Sandusky, State of Ohio, and that said contract was actually and fully performed by defendant in said town of Sandusky, State of Ohio, by delivering certain merchandise in said town and State of Ohio to plaintiff. That George F. Schminke, the person upon whom service of summons was had herein, was not at the time of said service, and never has been, an officer of this defendant, nor a director thereof, but had been employed by defendant for a short time as a traveling salesman. That his duties and power were simply and solely to take orders for the sale of merchandise, subject to the approval of this defendant. That he was not employed to make adjustments, and was not sent by defendant in this particular case to make any adjustment or settlement in the controversy between plaintiff and defendant, but while on his route as a salesman was requested by defendant to go to Abbeville and examine into the running of the machinery in controversy and the complaints of the plaintiff, and report the facts to this defendant, and that while said plaintiff was in the town of Abbeville for that purpose, service of summons herein was had on him. Defendant further states that it has a just and meritorious defense to this action. Western

22—66

Electrical Supply Co., H. K. Gillman, Treasurer. (Sworn to.)"

Upon the call of the case for trial, the defendant, through its attorney, Frank B. Gary, objected to the jurisdiction of the Court, in pursuance of the notice above set forth, and presented the affidavits above set forth in support of the objection, and set forth its objections in writing as follows: "The defendant having entered a special appearance, interposes a demurrer to the jurisdiction of this Court on the ground that the defendant has not been brought within the jurisdiction of the Court by service of the summons upon it in this State, and on the ground that subdivision 1 of section 155 of the Code of Procedure of South Carolina, providing for service upon a foreign corporation, and the act of the General Assembly of South Carolina amending the said section of the Code by striking out the word 'resident,' approved 2d March, 1899, are in contravention of the fifth and fourteenth amendments to the Constitution of the United States; and on the further ground that the act of the General Assembly of the State of South Carolina, entitled 'An act to further prescribe the terms and conditions upon which foreign corporations may do business within this State,' approved the 2d day of March, A. D. 1897, is in contravention of the fifth and fourteenth amendments to the Constitution of the United States."

The presiding Judge, Hon. D. A. Townsend, overruled the objection to the jurisdiction of the Court, and made the following order: "The defendant, Western Electrical Supply Company, through its attorney, Frank B. Gary, entered a special appearance for the purpose of objecting to the judgment in this case, and demurs to the jurisdiction of this Court on the ground that the said defendant is a foreign corporation, has not been served with summons in this State, and has not been brought in the jurisdiction of this Court, and on the ground that subdivision 1 of section 155 of the Code of Civil Procedure of South Carolina, providing for service upon a foreign corporation, and the act of the General

Assembly of the State of South Carolina, amending the said
section of the Code by striking out the word 'resident,' ap-
proved the 2d of March, 1899, are in contravention of the
fifth and fourteenth amendments to the Constitution of the
United States; and on the further ground that the act of the
General Assembly of the State of South Carolina, entitled
'An act to further prescribe the terms and conditions upon
which foreign corporations may do business within this
State,' approved the 2d day of March, A. D. 1897, is in con-
travention of the fifth and fourteenth amendments to the
Constitution of the United States.    The defendants offered
affidavits which are herewith filed.    I am constrained to
adopt the construction placed upon said statutes by the Su-
preme Court of the State, and I hold that the acts and section
of the Code referred to in the demurrer are not in contra-
vention of the fifth and fourteenth amendments to the Con-
stitution of the United States.    I hold further, that this
Court has acquired jurisdiction of the person of the defend-
ant.    The demurrer to the jurisdiction of this Court and the
objection to the Court rendering judgment are overruled."

The defendant thereafter had no further connection with
the case.    The plaintiff then offered evidence tending to
support the allegations of the complaint, and the jury rend-
ered a verdict for the plaintiff in the sum of $1,995, and
judgment was duly entered up upon said verdict in accord-
ance with law.    In due time the defendant gave notice of
intention to appeal to the Supreme Court of the State from
the order, rulings of his Honor, verdict of the jury and the
judgment entered thereon, and in the time prescribed by
law served this "Case" and the following exceptions:

"1. Because his Honor, the presiding Judge, erred in
holding that the Court of Common Pleas for Abbeville
County had acquired jurisdiction of the person of the de-
fendant, when it appeared that the defendant is a foreign
corporation, had not come within the limits of South Caro-
lina to do business, that the contract for the sale of the
machinery was not made in South Carolina, by its terms was

to be performed in Ohio, and that the only service of process made was upon a person in the Sate in no representative capacity, with no authority to bind the defendant in any way, and only connected with the defendant as a traveling salesman to take orders for the sale of machinery, subject to the approval of defendant.

"2. Because his Honor, the presiding Judge, erred in not holding that it was beyond the power of the State to enact a law that would authorize service of process upon any agent of a foreign corporation and thus bring such foreign corporation within the jurisdiction of the Court of this State, such a law being in contravention of the· fifth and fourteenth amendments to the Constitution of the United States, wherein it is provided. that 'no State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty or property without the due process of law.'

"3. Because his Honor erred in holding that subdivision 1 of section 155 of the Code of Procedure of South Carolina, as aménded by the act of the General Assembly of South Carolina, approved the 2d day of March, 1899, is not in contravention of the fifth and fourteenth amendments to the Constitution of the United States, in which amendments it is provided that 'No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty or property without due process of law.'

"4. Because his Honor, the presiding Judge, erred in holding that the act of the General Assembly of South Carolina,. entitled 'An act to further prescribe the terms and conditions upon which foreign corporations may do business in this State,' approved the 2d day of March, 1897, is not in contravention of the fifth and fourteenth amendments to the Constitution of the United States. It is respectfully submitted that the said act, and especially section 4 thereof, providing that 'it shall be a further condition precedent to the

right of any such corporation to do business in this State, that it shall be taken and deemed to be the fact irrebuttable and part and parcel of all contracts entered into between such corporation and a citizen or corporation of this State, that the taking or receiving from any citizen or corporation of this State of any charge, fee, payment, toll, impost, premium or other money or valuable consideration, under or in performance of any such contract, or of any condition of the same, shall constitute the doing of its corporate business within this State, and that the place and of the making and of performance of such contract, shall be deemed and held to be within this State, anything contained in such contract, or any rules or by-laws of such corporation, to the contrary notwithstanding,' abridges the privileges or immunities of citizens of the United States, and deprives the citizens of their property without due process of law, and denies the equal protection of the law.

"5. Because his Honor, the presiding Judge, erred in not holding that the defendant had not come within the limits of the State of South Carolina, and that the summons in this case had not been served upon it in this State.

"6. Because the presiding Judge erred in not setting aside the service of the summons and in not dismissing the complaint, and erred in allowing verdict to be rendered and judgment entered in this case."

Written notice was given April 30, 1902, to defendant's attorney, that plaintiff's attorney would, on the printed record in this case and the record on file in this Court upon the former appeal, move this Court to dismiss this appeal on the ground that the ruling sought to be appealed from was *res judicata,* and had already been passed upon by this Court in the former appeal. This motion of plaintiff was heard along with this appeal of defendant.

From this statement, it would seem that the decision of this Court, 61 S. C., 361, was, if not the law of the land, at least the law of this case on the question of the validity or invalidity of the service of the summons. It decided that

the service of the summons was a good and valid service, by
which the defendant was brought within the jurisdiction of
the Circuit Court.   It gave defendant twenty days after ser-
vice of notice of the filing of the *remittitur* within which to
serve answer, the full time allowed by the Code after service
of summons and complaint.   Defendant declined to answer,
but objected to and interposed a demurrer to the jurisdiction
of the Court on the ground that defendant had not been
brought within its jurisdiction by the service of the summons
made, and that certain South Carolina statutory provisions
named were in contravention of the fifth and fourteenth
amendments of the Constitution of the United States.   We
are of opinion that when an objection to the jurisdiction
based on the alleged illegal service of a summons has been
made and overruled, no second objection based thereon can
be admitted, however variant may be the specifications of
the objections taken the first and second time from each
other—the same rule applicable to dilatory pleas being appli-
cable to such objections, at least in this regard, "After any
dilatory plea had been overruled, no second plea of the *same
kind or class* can be admitted."   Gould on Pleading, page
277 : "There must be an end of litigation somewhere, and
parties cannot be permitted *to try their cases by piecemeal."*
*Bleckley* v. *Branyan,* 28 S. C., 450, 6 S. E. R., 291.   *A
fortiori,* they cannot be permitted to try the disputed validity
of the service of a summons by piecemeal.   The decision of
this Court was conclusive not only of all objections based on
the alleged illegality of service which were made, but also
of all objections based thereon which could have been made.
*Exors. Tate* v. *Hunter,* 3 Strob. Eq., 139; *McDowall* v.
*McDowall,* Bail. Eq., 330; *Stoney* v. *Bank,* 1 Rich. Eq., 276;
*Hibler* v. *Hammond,* 2 Strob., 107; *Maxwell* v. *Connor,* 1
Hill Ch., 22.   "A demurrer on the ground that the com-
plaint does not state facts sufficient to constitute a cause of
action * * * when once taken and lost on certain specifica-
tions showing wherein the complaint is defective, cannot be
renewed at any subsequent trial on the same or other spe-

cifications. This ground of demurrer is single, and all specifications thereunder not made when heard are deemed waived." *Turner* v. *Association,* 51 S. C., 36, 27 S. E. R., 947. We are, therefore, of opinion that the Circuit Judge was correct in holding in accordance with the previous decision of this Court, that the Circuit Court had acquired jurisdiction of the defendant, and in overruling the demurrer to the jurisdiction of the Court, and the objection to the Court's rendering judgment, and that the judgment below must be affirmed.

It might be plausibly contended that a decision holding service of a summons to be good and valid involves in it the idea that the same has been made by due process of law, but as we do not regard it necessary to the determination of the case to pass upon the constitutionality of the acts alleged to be in contravention of the Federal Constitution, the record presenting the other and clear ground above, on which this Court rests its judgment, we decline to indicate any opinion as to the constitutional questions, resting our affirmance of the judgment below solely upon the grounds hereinabove stated. Cooley Com. Lim., 2d ed., 163; *Ex parte Florence Schools,* 43 S. C., 15, 20 S. E. R., 788; *Butler* v. *Ellerbe,* 44 S. C., 266, 22 S. E. R., 425.

The judgment of this Court is, that the judgment entered in the Circuit Court upon the verdict for the plaintiff be affirmed. ·

MR. JUSTICE GARY *concurs in the result only,* as he thinks the federal question that appears in the record is satisfactorily disposed of by the former opinion in this case.